**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121460

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Bernhard Lang,<br><br>Plaintiff,<br><br>v.<br><br>The Everygirl Media Group, LLC,<br><br>Defendant. | Case No:<br><br>**COMPLAINT** |

Plaintiff Bernhard Lang ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant The Everygirl Media Group, LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1.    This action seeks to recover damages for copyright infringement.

2.    Plaintiff herein creates stock photography images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3.    Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's photographs and many others are the subject of pending copyright applications.

4.    Defendant owns and operates a website known as theeverygirl.com (the "*Website*").

5.    Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Website and engaged in this

PLAINTIFF'S COMPLAINT

BARSHAY SANDERS, PLLC

1   misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

2

3   6.    Plaintiff Bernhard Lang is an individual who is a citizen of the Country of

4   Germany.

5   7.    On information and belief, Defendant The Everygirl Media Group, LLC, is a

6   Illinois Limited Liability Company with a principal place of business at 845 W. Fulton

7   Market Avenue, Suite 208, Chicago, Illinois 60607 in Cook County, Illinois and is liable and

8   responsible to Plaintiff based on the facts herein alleged.

9
## JURISDICTION AND VENUE

10  8.    This Court has subject matter jurisdiction over the federal copyright

11  infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12  9.    This Court has personal jurisdiction over The Everygirl Media Group, LLC

13  because The Everygirl Media Group, LLC maintains its principal place of business in Illinois.

14
15  10.   Venue is proper under 28 U.S.C. §1391(a)(2) because The Everygirl Media

16  Group, LLC does business in this Judicial District and/or because a substantial part of the

17  events or omissions giving rise to the claim occurred in this Judicial District.

18
## FACTS COMMON TO ALL CLAIMS

19  11.   Plaintiff is the legal and rightful owners of photographs which it licenses to

20  online and print publications.

21  12.   Plaintiff has invested significant time and money in building its photograph

22  portfolio.

23  13.   Plaintiff has obtained active and valid copyright registrations from the United

24  States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while

25  many others are the subject of pending copyright applications.

26  14.   Plaintiff's photographs are original, creative works in which Plaintiff's own

27  protectable copyright interests.

28  15.   The Everygirl Media Group, LLC is the registered owner of the Website and is

2

PLAINTIFF'S COMPLAINT

1 responsible for its content.

2 16. The Everygirl Media Group, LLC is the operator of the Website and is

3 responsible for its content.

4 17. The Website is popular and lucrative enterprises that purposefully display

5 celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

6 18. The Website is monetized in that it contains paid advertisements and/or sells

7 merchandise to the public and, on information and belief, Defendant profits from these

8 activities.

9 19. On September 4, 2014 Plaintiff authored a photograph of Aerial photograph of

10 Rimini beach umbrellas (the "Photograph"). A copy of Photograph 1 is attached hereto as

11 Exhibit 1.

12 20. The Photograph was registered by USCO on February 13, 2020 under

13 Registration No. VA 2-190-920.

14 21. Plaintiff observed the Photograph on Defendant's domain www.eragem.com in

15 October 2019. A copy of Screengrab of Defendant's website including Photograph 1 is

16 attached hereto as Exhibit 2.

17 22. Plaintiff's retained Liebowitz Law Firm, PLLC (the "Firm"), specializes in

18 enforcing the copyrights of photographers. The Firm's services include registering copyrights

19 and searching the internet for infringing conduct on behalf of its clients.

20 23. At all relevant times, Plaintiff has worked as a photojournalist full-time.

21 24. Prior to retaining the Firm to enforce his copyrights, Plaintiff did not search the

22 internet for infringing activity as part of his ordinary course of business.

23 25. No reasonably diligent copyright holder in Plaintiff's position would have

24 discovered the Defendant's infringing conduct prior to retaining counsel.

25 26. Despite the Firm's best efforts, Plaintiff did not actually discover Defendant's

26 infringing conduct until on or about October 2019.

27 27. Plaintiff observed the Photograph on Defendant's domain theeverygirl.com on

28

BARSHAY SANDERS, PLLC

PLAINTIFF'S COMPLAINT

1
2

February 6, 2020.  A copy of Screengrab of Defendant's website including Photograph 1 is

attached hereto as Exhibit 2.

3

28.    A copy of the Photograph was stored and displayed on Defendant's domain

4

theeverygirl.com at the following URL: https://theeverygirl.com/10-spots-to-go-off-the-

5

beaten-path-in-italy/.

6

29.    Without permission or authorization from Plaintiff, Defendant volitionally

7

selected, copied, modified, stored and/or displayed each of Plaintiff copyright protected

8

photographs, as set forth in Exhibit "1" which is annexed hereto and incorporated in its

9

entirety herein, on the Website.

10

30.    On information and belief, the Photograph was copied, modified, stored and/or

11

displayed without license or permission, thereby infringing on Plaintiff's copyrights

12

(hereinafter singularly the "*Infringement*" and collectively the "*Infringement*").

13

31.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed

14

tangible medium of expression that was sufficiently permanent or stable to permit it to be

15

communicated for a period of more than transitory duration and therefore constitutes a

16

specific infringement.  *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.*508 F.3d 1146,

17

1160 (9th Cir. 2007).

18

32.    The Infringement is an exact copy of Plaintiff's original image that was directly

19
20

copied and stored by Defendant on the Website.

21

33.    On information and belief, Defendant takes an active and pervasive role in the

22

content posted on its Website, including, but not limited to copying, posting, selecting,

23

commenting on and displaying Plaintiff's Photograph.

24

34.    On information and belief, the Photograph were volitionally posted to the

25

Website by Defendant's employees ("Employees").

26

35.    On information and belief, at all material times the Employees were acting

27

within the course and scope of their employment when they volitionally posted the

28

Infringement.

BARSHAY SANDERS, PLLC

PLAINTIFF'S COMPLAINT

36. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they volitionally posted the Infringement.

37. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

38. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

39. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

40. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

41. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

43. On information and belief, Defendant monitors the content on its Website.

44. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

45. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

46. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

PLAINTIFF'S COMPLAINT

47.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

48.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

49.     The Photograph are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

50.     Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

51.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52.     Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

53.     As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded damages against Defendant pursuant to 17 U.S.C. §504(b) in an amount to be proven at trial.

### JURY DEMAND

54.     Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

BARSHAY SANDERS, PLLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARSHAY SANDERS, PLLC

   a.   Actual damages against Defendant pursuant to 17 U.S.C. §504(b) in an

        amount to be proven at trial; and

   b.   A permanent injunction against Defendant pursuant to 17 U.S.C. §502;

        and

   c.   Plaintiff's costs; together with

   d.   Such other relief that the Court determines is just and proper.

DATED: February 22, 2021

                                        **BARSHAY SANDERS, PLLC**

                                        By: ___/s/ Craig B. Sanders_____
                                        Craig B. Sanders, Esq.
                                        100 Garden City Plaza, Suite 500
                                        Garden City, NY 11530
                                        Tel: (516) 203-7600
                                        Email: csanders@barshaysanders.com
                                        *Attorneys for Plaintiff*
                                        File No.: 121460

PLAINTIFF'S COMPLAINT